IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE TOURVILLE, for Himself and All Others Similarly Situated, </br></br> Plaintiff, </br></br> vs. </br></br> MBR MANAGEMENT CORPORATION, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Case No. 17-CV-373-SMY-SCW </br> ) </br> ) </br> ) </br> ) </br> ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jesse Tourville filed this collective and class action against his former employer, MBR Management Corporation ("MBR"), alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Ann. § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act., 820 Ill. Comp. Stat. Ann. § 115/3 *et seq.* ("IWPCA") (Doc. 1). MBR has moved to compel arbitration of Plaintiff's individual claims and to dismiss Plaintiff's class claims or, in the alternative, stay all further proceedings in this action until arbitration has been completed (Doc. 34). For the following reasons, the motion will be **GRANTED in part** and **DENIED in part**.

## Background

Defendant MBR is a Domino's Pizza franchisee that operates 80 Dominos restaurants throughout Illinois and Missouri (Doc. 1, at ¶ 11). Plaintiff Jesse Tourville worked as a delivery driver for MBR at its Domino's store located in Troy, Illinois. *Id.* at ¶ 10. Plaintiff filed a five-count putative collective and class action Complaint asserting individual wage-and-hour claims

on his own behalf and seeking to bring collective and class wage-and-hour claims on behalf of others. Specifically, Plaintiff alleges that MBR systematically under-reimbursed its delivery drivers for vehicular wear and tear, gas, and other driving-related expenses (Doc. 1, at ¶ 3). He further alleges that MBR's practices effectively caused drivers to be paid well below the minimum wage. *Id.* Plaintiff moved for conditional certification of the FLSA collective action under 29 U.S.C. § 216(b) (Doc. 9).

In its motion to compel arbitration, MBR asserts that Plaintiff entered into an Agreement to Arbitrate as a condition of his employment. The Agreement provides, in relevant part:

> Jesse Tourville ("Employee") and the Company (collectively the "Parties") agree to resolve any and all claims, disputes, or controversies arising out of or relating to Employee's application for employment, Employee's employment with the Company, and/or termination of employment exclusively by final and binding arbitration . . . The parties understand that final and binding arbitration will be the sole and exclusive forum for the resolution of any such dispute between the Parties
>
> Claims, disputes, and controversies covered by this Agreement must be brought on an individual basis. Neither Employee nor the Company may submit a class, collective, or representative action for resolution under this Agreement . . . arbitration on an individual basis pursuant to this Agreement is the exclusive remedy for any employment-related claims which might otherwise be brought on a class, collective or representative action basis.

(Doc. 35-2, p. 4). The Agreement specifically includes disputes involving unpaid wages, overtime or commissions as well as claims brought under the Fair Labor Standards Act and any other federal, state or local statute, regulation, or common law doctrine regarding employment and compensation. *Id*. at p. 7. All MBR employees sign the same Agreement to Arbitrate as a condition of their employment at the time they begin their employment. *Id*. at p. 2.

## Legal Standard

Under the Federal Arbitration Act ("FAA"), an arbitration clause within a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. Whether a dispute is subject to arbitration is a straightforward matter of contract interpretation, and if the contract is unclear, doubts should be resolved in favor of arbitration. *See Cty. Of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 823 (7th Cir. 2006). "As with any contract, the touchstone for interpreting an arbitration clause must be the intention of the parties." *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000).

A litigant may compel arbitration if the following circumstances are established: (1) a written agreement to arbitrate; (2) the existence of a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *See* 9 U.S.C. § 4; *see also Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). A request for arbitration should not be denied unless a court is positively certain the arbitration clause is not subject to an interpretation that encompasses the asserted dispute. *See McHenry*, 438 F.3d at 823.

## Discussion

The parties agree that during his employment with MBR, Plaintiff signed an Agreement providing that he would bring any legal claim against MBR (1) only in arbitration and (2) only on an individual basis. MBR moves to compel arbitration pursuant to the terms of that Agreement and to dismiss Plaintiff's lawsuit. Plaintiff opposes the motion, arguing that the waiver provision in the Agreement violates the National Labor Relations Act (the "NLRA") and is invalid under binding Seventh Circuit, citing *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016).

After the parties filed their briefs, the Supreme Court granted *certiori* in *Lewis*. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018). In *Epic*, the Court addressed whether employees should be allowed to bring class or collective actions where they agreed to one-on-one arbitration and ultimately reversed *Lewis*. *Id*. at 1632. The Court held that Congress, in enacting the FAA, not only required courts to "respect and enforce agreements to arbitrate," but "specifically directed them to respect and enforce the parties' chosen procedures." *Id.* at 1621. It further held that the FAA's "savings clause" does not apply to defenses that target arbitration, rather than defenses that would apply to all contracts such as duress, and that neither the NLRA nor the FSLA displace the FAA or prohibit individualized arbitration proceedings. *Id*. at 1622, 1626–27. The Court then concluded that "a contract defense conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures is inconsistent with the Arbitration Act and its saving clause." *Id*. at 1631 (internal quotations omitted).

Here, it is undisputed that Plaintiff signed an Arbitration Agreement which covered all employment related claims. Plaintiff's FLSA claim alleging minimum wage violations is a dispute relating to his employment. The primary dispute between the parties is whether the Agreement is enforceable and valid given the inclusion of the waiver. The law is now clear following *Epic*; Congress has instructed that arbitration agreements like the one executed by Plaintiff must be enforced as written. *Epic Sys. Corp.*, 138 S. Ct. at 1632. As such, the Court must compel arbitration of Plaintiff's FSLA claim. *Id*.; 9 U.S.C. § 3.

The Court, however, will not dismiss this case as requested by MBR. As the Seventh Circuit instructs, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 732 n. 7 (7th Cir. 2005) (citing *Tice v. Am. Airlines, Inc.,* 288 F.3d 313, 318

(7th Cir. 2002)).  Accordingly, this all proceedings in this matter will be stayed pending the conclusion of arbitration.

## Conclusion

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Dismiss is **GRANTED** in part.  This matter is **STAYED** pending the conclusion of arbitration.  Further, because Plaintiff must individually arbitrate his claims, Plaintiff's Motion for Conditional Certification (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  September 27, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
